

230 Park Avenue
New York, NY 10169
otterbourg.com
212 661 9100

Adam C. Silverstein
Member of the Firm
asilverstein@otterbourg.com
212 905 3628

May 24, 2021

**VIA ECF**

Honorable Joan M. Azrack
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

   Re: <u>Cyganowski v. Decision Diagnostics Corp., 21-cv-00888-JMA-ST</u>

Dear Judge Azrack:

  We write briefly in response to the letter to the Court from Mr. Herzog dated May 4, 2021, and to apprise the Court that Mr. Herzog's client, the defendant Decision Diagnostics Corp., is in default.

  By way of reminder, this action was commenced by the Receiver's filing of the Complaint on February 18, 2021.  On March 18, 2021, Mr. Herzog called me to request an extension of the defendant's time to respond to the Complaint.  At that time, I informed Mr. Herzog of the plaintiff Receiver's intention to seek permission to file a motion for summary judgment at the outset of the case, and agreed to extend defendant Decision Diagnostics' time to respond to the Complaint through April 19, 2021.  Since that conversation, Mr. Herzog has never requested on behalf of his client, and the Receiver has never granted, any further extension of Decision Diagnostics' time to respond to the Complaint, and Decision Diagnostics has never responded to the Complaint.

  We respectfully believe, therefore, that the relevant question is no longer when to file a motion for summary judgment, but, rather, when to file a motion for a default judgment.  It is not the Receiver's intention to do so at this point.  Mr. Herzog is correct that the parties have exchanged settlement proposals, and settlement efforts have not yet resulted in either a resolution or an impasse.  The Receiver intends to continue engaging in settlement efforts to the point of resolution or impasse before seeking a default judgment, and will apprise the Court of the status of such efforts.

  As for the substance of Mr. Herzog's letter, to the extent we were able to follow the convoluted narrative that Decision Diagnostics is offering, we remain confident that, given the plain language of the parties' agreements and the Receiver's indisputable possession of preferred stock share certificates issued and delivered by Decision Diagnostics pursuant to those agreements, the Court would find that the Receiver is entitled to the relief that she is requesting



as a matter of law and without the need for any discovery, were she to file a motion for summary judgment.

  We thank the Court for its ongoing attention to this matter.

                Respectfully,

                *Adam C. Silverstein*

                Adam C. Silverstein

cc (by Pacer):
  Ronald S. Herzog, Esq.