UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELANIE L. CYGANOWSKI, AS RECEIVER FOR PLATINUM PARTNERS CREDIT OPPORTUNITIES MASTER FUND LP, AND, IN THAT CAPACITY, AS AGENT ON BEHALF OF ALPHA CREDIT RESOURCES LLC,<br><br>                Plaintiff,<br><br>v.<br><br>DECISION DIAGNOSTICS CORP.,<br><br>                Defendant. | Civil Action No: 2:21-cv-00888-BMC-ST<br><br>**ANSWER** |

Defendant Decision Diagnostics Corp. ("Decision Diagnostics"), by its undersigned counsel, as and for its answer, asserts as follows:

## **NATURE OF THIS ACTION**

1.      Denies the allegations in paragraph "1" of the Complaint, except admits that the Receiver is currently holding various certificates of Decision Diagnostics Corp. ("Decision Diagnostics") preferred shares and that Decision Diagnostics is a defendant in an SEC Civil Enforcement action, which action has been stayed.

2.      Denies the allegations in paragraph "2" of the Complaint.

3.      Denies the allegations in paragraph "3" of the Complaint.

## **THE PARTIES**

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "5" of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "6" of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the Complaint.

10. Admits the allegations in paragraph "10" of the Complaint.

11. Denies the allegations in paragraph "11" of the Complaint.

12. Admits the allegations in paragraph "12" of the Complaint.

13. Admits the allegations in paragraph "13" of the Complaint.

14. Denies the allegations in paragraph "14" of the Complaint.

15. Admits the allegations in paragraph "15" of the Complaint.

16. Admits the allegations in paragraph "16" of the Complaint.

17. Admits that the SEC unilaterally suspended trading in Decision Diagnostics' common stock on April 23, 2020, and respectfully refers the Court to the SEC's assertions in the proceeding commenced by Decision Diagnostics challenging the temporary suspension.

18. Admits the allegations in paragraph "18" of the Complaint.

19. Admits the allegations in paragraph "19" of the Complaint.

20. Admits the allegations in paragraph "20" of the Complaint.

21. Admits the allegations in paragraph "21" of the Complaint.

**JURISDICTION AND VENUE**

22. Denies the allegations in paragraph "22" of the Complaint, except admits that Plaintiff purports to confer subject matter jurisdiction as alleged.

23. Denies the allegations in paragraph "23" of the Complaint, except admits that Plaintiff purports to alternatively confer subject matter jurisdiction as alleged.

24. Denies the allegations in paragraph "24" of the Complaint, except admits that Plaintiff purports to venue this action in this district as alleged.

25. Denies the allegations in paragraph "25" of the Complaint.

26. Denies the allegations in paragraph "26" of the Complaint, except admits that Plaintiff purports to confer personal jurisdiction over Decision Diagnostics as alleged.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "27" of the Complaint.

## FACTS COMMON TO ALL CLAIMS

28. Admits the allegations in paragraph "28" of the Complaint.

29. Admits the allegations in paragraph "29" of the Complaint.

30. Admits the allegations in paragraph "30" of the Complaint.

31. Admits the allegations in paragraph "31" of the Complaint.

32. Admits the allegations in paragraph "32" of the Complaint.

33. Admits the allegations in paragraph "33" of the Complaint.

34. Admits the allegations in paragraph "34" of the Complaint.

35. Admits the allegations in paragraph "35" of the Complaint.

36. Admits the allegations in paragraph "36" of the Complaint.

37. Admits the allegations in paragraph "37" of the Complaint.

38. Admits the allegations in paragraph "38" of the Complaint.

39. Admits the allegations in paragraph "39" of the Complaint.

40. Denies the legal conclusion contained in paragraph "40" of the Complaint, and respectfully refers all questions of any legal obligations imposed on Decision Diagnostics to the Court.

41. Admits the allegations in paragraph "41" of the Complaint.

42. Denies the legal conclusions contained in paragraph "42" of the Complaint, and respectfully refers all questions of any legal obligations or duty imposed on Decision Diagnostics to the Court.

43. Denies the legal conclusions contained paragraph "43" of the Complaint, and respectfully refers all questions of the legal effect of Decision Diagnostic's organizational documents to the Court.

44. Denies so much of paragraph "44" of the Complaint as alleges that ACR provided consideration for certain loans as required by various loan documents.

45. Admits the allegations in paragraph "45" of the Complaint.

46. Admits the allegations in paragraph "46" of the Complaint.

47. Admits the allegations in paragraph "47" of the Complaint.

48. Admits the allegations in paragraph "48" of the Complaint.

49. Admits the allegations in paragraph "49" of the Complaint.

50. Admits the allegations in paragraph "50" of the Complaint.

51. Admits the allegations in paragraph "51" of the Complaint.

52. Admits the allegations in paragraph "52" of the Complaint.

53. Admits the allegations in paragraph "53" of the Complaint.

54. Admits the allegations in paragraph "54" of the Complaint.

55. Admits the allegations in paragraph "55" of the Complaint.

56. Admits the allegations in paragraph "56" of the Complaint.

57. Admits the allegations in paragraph "57" of the Complaint.

58. Admits the allegations in paragraph "58" of the Complaint.

59. Admits the allegations in paragraph "59" of the Complaint.

60. Admits the allegations in paragraph "60" of the Complaint.

61. Denies as much of paragraph "61" of the Complaint that consists of the interpretation of the Fourth Loan Agreement and admits the quoted sections accurately set forth various portions of the Fourth Loan Agreement.

62. Neither admits nor denies the summary of the Fourth Loan Agreement contained in paragraph "62" of the Complaint and respectfully refer the Court to the said agreement for its terms and content.

63. Admits the allegations in paragraph "63" of the Complaint.

64. Admits the allegations in paragraph "64" of the Complaint.

65. Denies so much of paragraph "65" of the Complaint as alleges that the shares the Escrow Agent delivered to ACR in December, 2013 had been "earned."

66. Denies so much of paragraph "66" of the Complaint as alleges the referenced shares were "fully earned" by ACR and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 of the Complaint.

67. Neither admits nor denies the legal conclusions in paragraph "67" of the Complaint, and respectfully refers the Court to the November 10, 2014 letter for its terms and content.

68. Admits the allegations in paragraph "68" of the Complaint.

69. Admits the allegations in paragraph "69" of the Complaint.

70. Admits the allegations in paragraph "70" of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "71" of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "72" of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "73" of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "74" of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "75" of the Complaint.

76. Denies so much of paragraph "76" of the Complaint as alleges that Decision Diagnostics accepted consideration for the shares.

77. Denies the allegations in paragraph "77" of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "78" of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "79" of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "80" of the Complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "81" of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "82" of the Complaint.

83. Neither admits nor denies the allegations in paragraph "83" of the Complaint and respectfully refers the Court to the Receivership Order and Original Receivership Order for their terms and conditions.

84. Neither admits nor denies the allegations in paragraph 84 of the Complaint and respectfully refers the Court to the Receivership Order and Original Receivership Order for their terms and conditions.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "85" of the Complaint.

86. Denies the allegations in paragraph "86" of the Complaint.

87. Admits the allegations in paragraph "87" of the Complaint.

88. Admits the allegations in paragraph "88" of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "89" of the Complaint.

90. Admits the allegations in paragraph "90" of the Complaint.

91. Admits the allegations in paragraph "91" of the Complaint.

92. Admits the allegations in paragraph "92" of the Complaint.

93. Admits the allegations in paragraph "93" of the Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "94" of the Complaint.

95. Admits that Weisberg sent the Weisberg Letter on or about May 22, 2017 and denies the accuracy of the content of that letter.

96. Admits that Herzog emailed Weisberg on July 3, 2019 and denies that his investigation was not concluded.

97. Denies so much of paragraph "97" as alleged that the Receiver's belated attempts to obtain information from the transfer agent was thwarted and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

98. Admits so much of paragraph "98" of the Complaint as alleges that on May 26, 2020 Herzog requested that Roger direct future communications to him, noted that the Receiver had again failed to make the certificates available for inspection and asserted that the shares were not fully earned.

99. Admits that the Receiver issued a demand letter on June 25, 2020 and annexed thereto copies of the front and back of the Certificates for the shares and denies the accuracy of the content of that letter.

100. Denies the allegations in paragraph "100" of the Complaint.

101. Admits the allegations in paragraph "101" of the Complaint.

102. Denies so much of the allegations in paragraph "102" of the Complaint which allege that the purported class action entitled *Sanchez v. Decision Diagnostics Corp*. has the potential to result in substantial damages.

103. Admits the allegations in paragraph "103" of the Complaint.

104. Denies the allegations in paragraph "104" of the Complaint.

105. Denies the allegations in paragraph "105" of the Complaint.

106. Denies the allegations in paragraph "106" of the Complaint.

107. Denies the allegations in paragraph "107" of the Complaint.

108. Denies the allegations in paragraph "108" of the Complaint.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "109" of the Complaint.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "110" of the Complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "111" of the Complaint.

112. Denies the allegations in paragraph "112" of the Complaint.

113. Admits the allegations in paragraph "113" of the Complaint.

114. Denies the allegations in paragraph "114" of the Complaint.

## COUNT I

115.   As and for its response to paragraph "115" of the Complaint, repeats and realleges the responses to the paragraphs referred to therein with the same force and effect as if set forth at length at this time.

116.   Admits that there is an actual controversy between the Receiver and Decision Diagnostics concerning the issues identified in paragraph "116" of the Complaint.

117.   Admits that there is an actual controversy between the Receiver and Decision Diagnostics concerning the issues identified in paragraph "117" of the Complaint.

118.   Admits that there is an actual controversy between the Receiver and Decision Diagnostics concerning the issues identified in paragraph "118" of the Complaint.

119.   Admits that there is an actual controversy between the Receiver and Decision Diagnostics concerning the issues identified in paragraph "119" of the Complaint.

120.   Admits that there is an actual controversy between the Receiver and Decision Diagnostics concerning the issues identified in paragraph "120" of the Complaint.

121.   Admits that there is an actual controversy between the Receiver and Decision Diagnostics concerning the issues identified in paragraph "121" of the Complaint.

122.   Denies that the Receiver is entitled to any of the relief requested in paragraph "122" of this Complaint.

## COUNT II

123.   As and for its response to paragraph "123" of the Complaint, repeats and realleges the responses to the paragraphs referred to therein with the same force and effect as if set forth at length at this time.

124.   Admits that there is an actual controversy between the Receiver and Decision Diagnostics concerning the issues identified in paragraph "124" of the Complaint.

125.   Admits the allegations in paragraph "125" of the Complaint.

126.   Denies the allegations in paragraph "126" of the Complaint.

127.   Denies so much of paragraph "127" of the Complaint as alleges that Decision Diagnostics has failed to comply with any provision of the Receivership Order that relates to shares that the Receiver claims have been "Earned.".

128.   Denies the allegations in paragraph "128" of the Complaint.

129. Denies the allegations in paragraph "129" of the Complaint.

## COUNT III

130. As and for its response to paragraph "130" of the Complaint, repeats and realleges the responses to the paragraphs referred to therein with the same force and effect as if set forth at length at this time.

131. Denies the allegations in paragraph "131" of the Complaint.

## COUNT IV

132. As and for its response to paragraph "132" of the Complaint, repeats and realleges the responses to the paragraphs referred to therein with the same force and effect as if set forth at length at this time.

133. Denies the allegations in paragraph "133" of the Complaint.

134. Denies the allegations in paragraph "134" of the Complaint.

135. Denies the allegations in paragraph "135" of the Complaint.

136. Denies the allegations in paragraph "136" of the Complaint.

137. Denies the allegations in paragraph "137" of the Complaint.

138. Denies the allegations in paragraph "138" of the Complaint.

139. Denies the allegations in paragraph "139" of the Complaint.

140. Denies the allegations in paragraph "140" of the Complaint.

141. Denies the allegations in paragraph "141" of the Complaint.

142. Denies the allegations in paragraph "142" of the Complaint.

143. Denies the allegations in paragraph "143" of the Complaint.

144. Neither admits nor denies the allegations in paragraph "144" and respectfully refers this Court to the "applicable" contractual and statutory provisions for their terms and conditions.

145. Denies the allegations in paragraph "145" of the Complaint.

146. Denies knowledge or information concerning the truth of the allegations in paragraph "146" of the Complaint except admits the Receiver has made copies of the Certificates available for inspection.

147. Denies the allegations in paragraph "147" of the Complaint.

148. Denies the allegations in paragraph "148" of the Complaint.

149. Denies the allegations in paragraph "149" of the Complaint.

150. Denies the allegations in paragraph "150" of the Complaint.

151. Denies the allegations in paragraph "151" of the Complaint.

## COUNT V

152. As and for its response to paragraph "152" of the Complaint, repeats and realleges the responses to the paragraphs referred to therein with the same force and effect as if set forth at length at this time.

153. Denies the allegations in paragraph "153" of the Complaint.

154. Denies the allegations in paragraph "154" of the Complaint.

155. Denies the allegations in paragraph "155" of the Complaint.

156. Neither admits nor denies the legal assertions in paragraph "156" of the Complaint and denies that Decision Diagnostics breached any duty or obligation to ACR or the Receiver.

157. Denies the allegations in paragraph "157" of the Complaint.

158. Denies the allegations in paragraph "158" of the Complaint.

159. Denies the allegations in paragraph "159" of the Complaint.

160. Denies the allegations in paragraph "160" of the Complaint.

161. Denies the allegations in paragraph "161" of the Complaint.

162. Denies the allegations in paragraph "162" of the Complaint.

163. Denies the allegations in paragraph "163" of the Complaint.

164. Denies the allegations in paragraph "164" of the Complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

165. The claims asserted in the Complaint are barred, in whole or in part, by the Receiver's delay in asserting them.

## SECOND AFFIRMATIVE DEFENSE

166. The claims asserted in the Complaint are barred, in whole or in part, by the conduct and misrepresentations of ACR's former officers and directors, which conduct and misrepresentations are imputed to and binding on the Receiver.

## THIRD AFFIRMATIVE DEFENSE

167. The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of unclean hands, which resulting conduct is imputed to and binding on the Receiver.

## FOURTH AFFIRMATIVE DEFENSE

168. ACR failed to fund the Fourth Omnibus Loan Document Modification and Reaffirmation Agreement (the "Fourth Loan Agreement") with Decision Diagnostics.

## FIFTH AFFIRMATIVE DEFENSE

169. One of more of ACR's officers or directors fraudulently induced Decision Diagnostic into entering into the Fourth Loan Agreement.

## SIXTH AFFIRMATIVE DEFENSE

170. ACR improperly removed from escrow, converted and sold shares of Decision Diagnostics that had not been earned, thereby unduly enriching ACR.

## SEVENTH AFFIRMATIVE DEFENSE

171. Decision Diagnostics properly cancelled various shares held by ACR due to the absence of any funding of the Fourth Loan Agreement by ACR in breach of its contractual obligation to do so.

## EIGHTH AFFIRMATIVE DEFENSE

172. ACR converted shares of Decision Diagnostic's Series E Preferred Shares representing the prospective credit line activation fees and compensating balance shares to be earned by ACR under the Fourth Loan Agreement and sold such shares after the required one-year holding period despite failing to comply with its funding obligation to Decision Diagnostics, thereby unjustly enriching ACR.

### NINTH AFFIRMATIVE DEFENSE

173. ACR improperly issued itself various shares of Decision Diagnostic's Series E preferred shares that were being held in escrow as payment for a second credit line activation fee under the Fourth Loan Agreement and, upon information and belief, sold them after the required one-year holding period, thereby unduly enriching ACR.

### TENTH AFFIRMATIVE DEFENSE

174. The Receiver is not entitled to any relief due to ACR's failure to comply with a material provision of the Fourth Loan Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE

175. The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitation.

### TWELFTH AFFIRMATIVE DEFENSE

176. ACR improperly terminated its funding obligations under its Third Omnibus Documents Modification Reaffirmation Agreement with DECN.

**WHEREFORE,** Defendant Decision Diagnostic Corp. demands dismissal of the Complaint, its costs, fees and expenses together with such other and further relief as the Court deems proper.

Dated: White Plains, New York
November 8, 2021

**GOLDBERG SEGALLA LLP**
*Attorneys for Defendant*
*Decision Diagnostic Corp.*

By: */s/ Ronald S. Herzog*
50 Main Street, Suite 425
White Plains, New York 10606
Rherzog@goldbergsegalla.com
Tel: 914.798.5419