

230 Park Avenue
New York, NY 10169
otterbourg.com
212 661 9100

Andrew S. Halpern
ahalpern@otterbourg.com
212 905 3624

January 21, 2022

VIA ECF

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Cyganowski v. Decision Diagnostics Corp., No. 21-cv-00888-BMC – Joint Letter Motion Seeking Entry of Stipulation and Order Dismissing Action and Retaining Jurisdiction for Purposes of Enforcing and Addressing Disputes Arising out of Settlement Agreement and Leak-Out Agreement dated as of December 18, 2021</u>

Dear Judge Cogan:

      This firm is counsel to Melanie L. Cyganowski, as the Receiver of the Receivership Entities[1] in *SEC v. Platinum Mgmt. (NY) LLC, et al.*, No. 1:16-cv-06848-BMC (E.D.N.Y.) (the "***Receivership Action***"), and the plaintiff in the captioned matter. After being advised that this action had settled and that the parties were taking steps to implement their settlement, on December 27, 2021, the Court entered an Order dismissing the action, subject to reinstatement at the request of any party within 30 days. The parties have now completed all prerequisites to dismissal of this action with prejudice. However, in order to reflect the parties' settlement and ensure the parties' compliance with their ongoing obligations under the settlement, the parties jointly request that the Court "So Order" the Stipulation and Order attached hereto as Exhibit A (the "***Stipulation***"), which provides that "the Court shall retain jurisdiction for the purposes of enforcing and addressing any disputes arising out of or relating to" the Settlement Agreement dated as of December 18, 2021 (the "***Settlement Agreement***") and the Leak-Out Agreement dated as of December 18, 2021 (the "***Leak-Out Agreement***").

---

[1] The Receivership Entities include Platinum Credit Management, L.P., Platinum Partners Credit Opportunities Master Fund LP ("***PPCO Master Fund***"), Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunities Fund (BL) LLC, Platinum Liquid Opportunity Management (NY) LLC, Platinum Partners Liquid Opportunity Fund (USA) L.P., Platinum Partners Liquid Opportunity Master Fund L.P., Platinum Partners Credit Opportunities Fund International Ltd and Platinum Partners Credit Opportunities Fund International (A) Ltd.

6838882.1



January 21, 2022
Honorable Brian M. Cogan
Page 2

The parties respectfully submit that the Court's retention of jurisdiction over the enforcement of, and any potential disputes arising out of or relating to, the Settlement Agreement and the Leak-Out Agreement is appropriate for several reasons.

First, the Court's retention of jurisdiction over the enforcement of, and potential disputes arising out of or relating to, the Settlement Agreement and the Leak-Out Agreement is an essential term of the parties' settlement and is a term of the form of stipulation of dismissal that is attached to the parties' Settlement Agreement, which counsel for the parties thereafter executed.

Second, the Settlement Agreement and the Leak-Out Agreement impose continuing obligations on the Receiver (acting on behalf of Alpha Credit Resources LLC ("***ACR***")) and defendant Decision Diagnostics Corp. ("***Decision Diagnostics***"), with respect to the Receiver's possession of, as well as terms and limitations on the disposition of, over 21 million shares of common stock in Decision Diagnostics currently held by the Receiver on behalf of ACR (a wholly-owned subsidiary of Receivership Entity PPCO Master Fund).  The Second Amended Order Appointing Receiver entered by this Court in the Receivership Action (the "***Receivership Order***"), a copy of which is attached hereto as Exhibit B, defines "Receivership Property" as including "securities … which the Receivership Entities own, possess, have a beneficial interest in or control directly or indirectly."  (Receivership Order, ECF No. 276, ¶ 6(A)).  Consequently, ACR's stock in Decision Diagnostics, which is the subject of the Settlement Agreement and the Leak-Out Agreement, is "Receivership Property" under the Receivership Order.

Third, any actions taken by the Receiver on behalf of ACR under the Settlement Agreement and the Leak-Out Agreement are within the Receiver's powers under the Receivership Order.  The Receivership Order authorizes the Receiver to take numerous types of actions with respect to "Receivership Property" (which includes ACR's stock in Decision Diagnostics), including administering and disposing of Receivership Property and using her best efforts to maximize the value realized upon the disposition of Receivership Property.  (Receivership Order, ECF No. 276, ¶¶ 6(A)-(D), (G), (J), (K), 27, 28, 31, 32, 34).  Thus, the Settlement Agreement and the Leak-Out Agreement bear directly on the Receiver's powers, while at the same time reflecting, among other provisions, certain agreed upon terms and conditions pursuant to which the Receiver may sell the Decision Diagnostics shares, the termination of such restrictions, and the Receiver's return of certain shares to Decision Diagnostics under circumstances set forth in those agreements.  The Court's retention of jurisdiction for the purposes of enforcing and addressing any disputes arising out of or relating to the Settlement Agreement and the Leak-Out Agreement is therefore, we submit, proper.



January 21, 2022
Honorable Brian M. Cogan
Page 3

Fourth, it is well established that, "[t]o retain ancillary jurisdiction to enforce a settlement agreement, … 'a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994)).  Because the Stipulation expressly provides that "the Court shall retain jurisdiction for the purposes of enforcing and addressing any disputes arising out of or relating to" the Settlement Agreement or the Leak-Out Agreement, that requirement for the retention of jurisdiction is satisfied.

Accordingly, the parties jointly request that the Court "So Order" the Stipulation.

Thank you for your consideration.

Respectfully submitted,

/s/ Andrew S. Halpern

Andrew S. Halpern

Enclosures

cc:   Ronald Herzog, Esq.
      Adam C. Silverstein, Esq.
      Erik B. Weinick, Esq.

Agreed:

/s/ Ronald S. Herzog
Ronald S. Herzog, Esq.
Goldberg Segalla LLP
Attorneys for defendant Decision Diagnostics Corp.

6838882.1